# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DYLAN DONALD TALLMAN,

                        Plaintiff,

v.                                                Case No. 20-CV-275-JPS

C. KITHINDI and B. BARTELS-ROHRBECK,

                        Defendants.                        **ORDER**

Plaintiff Dylan Tallman, an inmate proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights. (Docket #1). This order resolves Plaintiff's motion for leave to proceed without prepaying the filing fee and miscellaneous motions, as well as screens his complaint.

## 1. MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE

The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On March 31, 2020, the Court waived Plaintiff's payment of an initial partial filing fee. (Docket #7). The Court will grant Plaintiff's motion for leave to proceed without prepaying the filing fee. (Docket #2). He must pay the $350 filing fee over time in the manner explained at the end of this order.

## 2. SCREENING THE COMPLAINT

### 2.1 Federal Screening Standard

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570

F.3d 824, 827 (7th Cir. 2009)). The Court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2 Plaintiff's Allegations

Plaintiff alleges that while he was incarcerated at Dodge Correctional Institution ("DCI"), his primary clinician, Defendant C. Kithindi ("Kithindi") conducted therapy sessions with Plaintiff at his cell. (Docket #1). The therapy sessions between Plaintiff and Kithindi were not private, and other inmates and correctional officers could hear them. (*Id.*) Plaintiff alleges that Kithindi violated his Health Insurance Portability and Accountability Act ("HIPPA") rights because other inmates and correctional officers could hear his therapy sessions. (*Id.*) Plaintiff also provides a one sentence allegation that Defendant Dr. B. Bartels-Rohrbeck ("Bartels-Rohrbeck") "does not consider that I need treatment I cannot obtain" at DCI. (*Id.* at 2–3).

### 2.3 Analysis

Plaintiff seeks to proceed on a claim that Kithindi violated his HIPPA rights. However, HIPPA does not confer a private right of action or rights enforceable in a § 1983 action. *See Stewart v. Parkview Hosp.*, 940 F.3d 1013, 1015 (7th Cir. 2019); *Acara v. Banks*, 470 F.3d 569, 570–72 (5th Cir. 2006); *Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir. 2010); *Seaton v. Mayberg*, 610 F.3d 530, 533 (9th Cir. 2010); *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 n.4 (10th Cir. 2010). Thus, Plaintiff cannot proceed on a HIPPA claim and has failed to state a claim.

Plaintiff's only allegation against Bartels-Rohrbeck is the statement that Bartels-Rohrbeck "does not consider that I need treatment I cannot

obtain" at DCI. Plaintiff's allegation invokes his rights under the Eighth Amendment, which secures an inmate's right to medical care. Prison officials violate this right when they "display deliberate indifference to serious medical needs of prisoners." *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005) (quotation omitted). To sustain such a claim for deliberate indifference to a serious medical need in violation of the Eighth Amendment, a plaintiff must show: (1) an objectively serious medical condition; (2) that defendants knew of the condition and were deliberately indifferent in treating it; and (3) this indifference caused him some injury. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). The deliberate indifference inquiry has two components. "The official must have subjective knowledge of the risk to the inmate's health, and the official also must disregard that risk." *Id.* Deliberate indifference equates to intentional or reckless conduct, not mere negligence. *Berry*, 604 F.3d at 440. "Neither medical malpractice nor mere disagreement with a doctor's medical judgment is enough to prove deliberate indifference." *Id.* at 441.

Although Plaintiff is a prodigious litigant, in this case, Plaintiff has alleged facts that undermine any Eighth Amendment violation. Specifically, Plaintiff acknowledges that he was being treated by Kithindi regularly with therapy sessions. Further, he has not alleged any injury. Although Plaintiff may have wanted additional types of treatment, the fact that he did not receive them is not an Eighth Amendment violation. The Eighth Amendment does not require that prisoners receive "unqualified access to health care." *Hudson v. McMillian,* 503 U.S. 1, 9 (1992). Rather, they are only entitled to "adequate medical care." *Boyce v. Moore,* 314 F.3d 884, 888–89 (7th Cir. 2002); *see also Forbes v. Edgar,* 112 F.3d 262, 267 (7th Cir. 1997) ("Under the Eighth Amendment, [the plaintiff] is not entitled to

demand specific care. She is not entitled to the best care possible. She is entitled to reasonable measures to meet a substantial risk of serious harm to her.") Even under the lenient standard applied at the screening stage, Plaintiff has failed to state a claim that Bartels-Rohrbeck violated his Eighth Amendment rights.

### 3. CONCLUSION

Plaintiff has failed to state a viable claim for relief against Defendants, obliging the Court to dismiss this action. In light of that dismissal, Plaintiff's motion to void his global settlement offer, (Docket #13), and motion for a phone conference to discuss his motions, (Docket #8), will be denied as moot. Plaintiff's motion for an order to be housed at a different institution, (Docket #9), must also be denied because the Court has no authority over an inmate's placement within the state prison system. *See Duran v. Elrod*, 760 F.2d 756, 759 (7th Cir. 1985) ("[I]t is unseemly for federal courts to tell a state or city. . . how to run its prison system."). Lastly, Plaintiff has filed a motion for a temporary restraining order ("TRO"). (Docket #14). However, the TRO motion does not actually request any relief from the Court. Instead, it provides a narrative of grievances regarding two magazines that are not parties to this litigation. Thus, the Court will deny the motion.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for a phone conference to discuss motions (Docket #8) be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for an order to be housed at a different institution (Docket #9) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion to void global settlement offer (Docket #13) be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for a temporary restraining order (Docket #14) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED with prejudice** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim;

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g);

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $350.00 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to his trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution; and

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined.

This order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh

Page 6 of 7
Case 2:20-cv-00275-JPS    Filed 11/25/20    Page 6 of 7    Document 15

Circuit by filing in this Court a notice of appeal within thirty days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 25th day of November, 2020.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge